CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
RayBallister@cda4access.com
MARK D. POTTER, ESQ., SBN 166317
Mark@potterhandy.com
RUSSELL C. HANDY, ESQ., SBN 195058
russ@potterhandy.com
9845 Erma Road, Suite 300
San Diego, CA 92131-1084
(858) 375-7385; Fax (888) 422-5191

Attorney for Plaintiff MICHAEL HILLS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILLS,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF TULARE, and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION S OF CIVIL RIGHTS:** SECTION 504 OF THE REHABILITIATION ACT OF 1973; AMERICANS WITH DISABILITIES ACT OF 1990; CALIFORNIA DISABLED PERSONS ACT<br><br>**DEMAND FOR JURY** |

[**NOTE**: Mr. Hills is not acting in pro-per and is not a currently incarcerated prisoner and, therefore, this case is not subject to the portions of the Prison Litigation Reform Act requiring screening or exhaustion of administrative remedies].

Plaintiff MICHAEL HILLS complains of Defendants COUNTY OF TULARE and DOES 1 through 10, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

## INTRODUCTION:

**1.** This case arises out of Defendants' failure to provide persons with disabilities the minimum legally required access; and failure to amend or introduce policies to accommodate persons with disabilities, at the Tulare County Jail, hereinafter "TCJ, a County of Tulare, hereinafter "COT," jail facility, located at 2404 West Burrel Avenue, Visalia, California, which is a facility owned, operated, controlled and/or maintained by COT, a governmental and public entity.

**2.** TCJ is characterized by architectural barriers including, *inter alia*, inaccessible toilets with no grab bars, and inaccessible shower facilities, with no grab bars or shower seats for inmates with disabilities. These barriers constitute safety hazards to persons who use wheelchairs for mobility. Defendants have known for at least 19 years that they are required by federal law to address their unequal facilities in the form of a Self-Evaluation Plan and a Transition Plan, whereby Defendants shall identify all accommodations, programs, services, and activities, which deny equal access to persons with disabilities. Defendants have also known for well over a decade that they were required by Section 504 of the Rehabilitation Act of 1973 ("Section 504") to have implemented structural changes to create equal access to the facilities owned, operated, controlled and/or maintained by governmental entity in the State of California. In addition, Defendants have known that they were required under Title II of the Americans with Disabilities Act of 1990 ("ADA") to implement structural changes to create equal access to its facilities by January 26, 1995. Defendants have failed to meet these federal requirements and have denied equal access to persons with disabilities.

**3.** Furthermore, during Plaintiff's incarceration in the TCJ, he requested and was denied the reasonable and necessary accommodation of being allowed to use his prosthesis and cane or wheelchair and was instead forced to hop everywhere on his left leg during the entire week period of his incarceration. This resulted in great difficulty, pain, discomfort and embarrassment.

**4.** Plaintiff's left leg has both a metal rod and a plate.

**5.** Defendants have denied equal access to Plaintiff based solely on his mobility disabilities in that Defendants have knowingly and intentionally refused to comply with the requirements of federal and state law regarding access to public facilities.

**6.** This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act and related state laws addressing the Defendant's denial of participation in and provision of an unequal benefit of the services to patrons with disabilities. Plaintiff damages for violations of his civil rights and for damages flowing from such violations.

**PARTIES:**

**7.** Plaintiff is a California resident with physical disabilities. He is an amputee of his right leg, who requires the use of a prosthesis and cane or wheelchair for mobility.

**8.** Defendant COT is a governmental entity that owns, has and maintains TCJ.

**9.** Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

**10.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a) (3) & (a) (4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

**11.** Pursuant to pendant jurisdiction, an attendant and related cause of action,

arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Disabled Persons Act, which act expressly incorporate the Americans with Disabilities Act.

**VENUE:**

**12.** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district

**FACTUAL ALLEGATIONS:**

**13.** The Code of Federal Regulations implementing Title II of the ADA, required public entities to conduct a "self-evaluation" to determine what changes needed to be made to comply with the mandates of the ADA and, if structural changes were necessary to achieve accessibility, a transition plan needed to be implemented by July 26, 1992.  28 C.F.R. § 35.104(a) & 35.150(d).  All necessary structural changes needed to be made as "expeditiously as possible" but no later than January 26, 1995. 28 C.F.R. § 35.150(c). The Defendants have failed to do this.

**14.** As a governmental and public entity charged with ensuring compliance with federal law, Defendants have known for two decades of their duties and obligations under Title II of the ADA.  Despite this knowledge, Defendants have intentionally refused to meet its Title II obligations and to make the necessary modifications.  This failure has denied, and continues to deny, Plaintiff access to Defendants' programs, services, and activities that are otherwise available to persons without disabilities.

**15.** Defendants fail to provide the minimum legally required access to TCJ jail facilities. TCJ facilities are characterized by multiple, pervasive, and hazardous architectural barriers. For example, architectural barriers include, but are not limited to: inaccessible shower facilities, lacking both grab bars and shower seats.

**16.** Between November 2 and November 9, 2009, Plaintiff was incarcerated at TCJ. During his incarceration at TCJ, which is owned, operated, controlled and/or maintained by Defendants, the Plaintiff encountered legally inaccessible conditions and

1  illegal policies and procedures in violation of the ADA.

2  **17.** By failing and refusing to make TCJ accessible, and by denying Plaintiff request for the reasonable request of being able to use his prosthesis and either a cane or a wheelchair, Defendants have subjected, and are subjecting, Plaintiff to unlawful discrimination and unequal treatment solely on the basis of his physical disability.

**18.** The Plaintiff personally encountered these violations, which violations resulted in difficulty, discomfort, pain and embarrassment to the Plaintiff and resulted in the Plaintiff being denied full and equal access required by law.

**19.** Defendant is a state governmental entity within the meaning of Title II of the ADA, and, on information and belief, has at least fifty employees.

**20.** Defendants have responsibility for establishing policies for the operation of TCJ, including the policies concerning budgetary allocations, and conduct of jail.

**21.** Plaintiff alleges that each of the Defendants was responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. References to "Defendants," unless otherwise specified, shall be deemed to refer to all Defendants and each of them.

**22.** Plaintiff is informed and believes, and therefore alleges, that in carrying out each of the acts alleged in this complaint, each of the Defendants acted as the agent for the other Defendants.

**23.** Defendants have known that TCJ violated applicable access requirements and standards, but have refused to rectify the violations. Defendants' violations have been knowing and intentional.

**I.     FIRST CAUSE OF ACTION (**Violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et. seq.*)

**24.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**25.** Defendants' acts and omissions that result in unequal access to the programs, services, and activities provided by Defendants as alleged herein are in violation of 29

U.S.C. section 794 *et. seq.*, and the regulations promulgated thereunder, 34 C.F.R. Pt. 104 *et. seq.* Defendants are the direct recipients of federal funds sufficient to invoke the coverage of Section 504, and are unlawfully discriminating against Plaintiff on the sole basis of Plaintiff's disabilities.

**26.** Plaintiff is an otherwise qualified individual with disabilities. Solely by reason of his disability, Plaintiff has been excluded from participation in, denied the benefit of, and subjected to discrimination in his attempts to receive full and equal access to the services offered by Defendants.

**27.** Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

**II.   SECOND CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. 12101 et seq.)

**28.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**29.** Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.*, and the regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

**30.** As a government or public program or service, Defendants were required to ensure that such programs or services were accessible to the Plaintiff who was a qualified person with a disability. By failing to have an accessible facility, the defendants violated the law. Additionally, in refusing to grant Plaintiff's request for the reasonable accommodation of being able to use his prosthesis and cane or wheelchair for mobility, Defendants failed to ensure programmatic access to the Plaintiff.

**31.** Defendant's acts and omissions alleged herein are in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.*, and the regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

**32.** Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

**III.   THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (Cal Civ § 54-54.8)

**33.** Plaintiff repleads and incorporates by reference, as if fully set forth again

herein, the allegations contained in all prior paragraphs of this complaint.

**34.** The actions of the Defendants have violated and continue to violate the California Disabled Persons Act, Cal. Civ. Code sections 54-54.8, in that physically disabled persons are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled.  Additionally, the ADA violations amount to violations of the Disabled Persons Act.

**35.** The actions of the Defendants were and are in violation of the California Disabled Persons Act, Cal.Civ.Code sections 54 *et. seq.* and, therefore, Defendants are liable to the Plaintiff for each and every offense for actual damages incurred but in no case less than $1,000 per offense.  Plaintiff is also entitled to attorneys' fees.

**36.** Wherefore, Plaintiff prays for relief and damages as hereinafter stated.

**RELIEF REQUESTED:**

1.  Actual and statutory damages.

2.  Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: September 22, 2010           CENTER FOR DISABILITY ACCESS

By:   /s/ Mark D. Potter
         MARK D. POTTER
         Attorneys for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 22, 2010           CENTER FOR DISABILITY ACCESS

By:   /s/ Mark D. Potter
         MARK D. POTTER
         Attorneys for Plaintiff